JOHN F. MEIXSELL

v.

THOMAS B. FEEZOR.

*Trespass—Cutting of Trees—Practice—Leading Questions—Hostile Witness.*

1.  It is not necessary in trespass to describe in the declaration the close on which the trespass was committed.
2.  In such case the questions of possession and the commission of a trespass are for the jury to decide from the evidence adduced.
3.  One directing a person to cut timber in certain places is responsible for a trespass of such person upon the lands of others, they having been included in the directions given.
4.  Leading questions are proper where a witness is hostile.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of Pope County; the Hon. R. W. McCARTNEY, Judge, presiding.

Mr. W. H. BOYER, for appellant.

Mr. W. H. MOORE, for appellee.

PHILLIPS, J. This is an action of trespass resulting in a verdict and judgment for plaintiff, and the defendant brings

the record to this court by appeal.   The errors assigned are the admission of evidence and the overruling of a motion for new trial and in arrest of judgment.   The declaration charged the cutting of trees and saplings on plaintiff's land, and it is insisted that as no lands are described in the declaration it was error to admit evidence of the ownership of particular lands, and that a motion in arrest of judgment should have been sustained.   It is not necessary in trespass to describe in the declaration the close on which the trespass was committed. It is said in 1 Saunder's Reports, 299, note b : " It was anciently the most usual practice in trespass *clausum fregit* to declare generally of breaking the plaintiff's close at 'A.'"   This general mode of declaring put the defendant under a difficulty of knowing in what part of the will of "A" the trespass which the plaintiff meant by his declaration was committed.   The defendant was therefore permitted to plead that the close was his freehold, which he might do without giving it a name, because as the plaintiff was general in his count the defendant might be as general in his plea.

And if the plaintiff traversed it, he ran a great risk; for if the defendant had any part of his land in that will the verdict would be for him on that issue.   This turned the difficulty upon the plaintiff, and therefore he was almost always driven to a new assignment in which he ascertained the place with proper exactness; and to sustain this proposition the reporter cites 1 Salk. 453; Helwes v. Lambe, S. C., 6 Mod. 117;   as cited by Wells, C. J., in Lambert v. Strother, Wells' Rep. 223, 2 Black. 1089.   In the discussion of this question the same authority says that " It is now the usual way in all courts at Westminster and particularly in C. B. by rule of court A. D. 1664, to ascertain the place in the declaration."   In Great Britain under the new rules adopted at Hiliary Term, 4th W. 4, the rules expressly require that the name of the close or the abuttals or some other description be designated in the declaration.   It is of this rule that Mr. Chitty in his work on Pleading, Vol. 1, 376, is speaking when he says : " In order to avoid the necessity of a new assignment, the pleading rules require the name of the close or abuttals or some other de-

scription to be used in the statement or that the defendant
may demur specially." It is also of this rule that Mr. Saun-
ders in his work on Pleading and Evidence, Vol. 2, 1094, is
speaking when he says: "In actions of *q. c. j.* the close or
place in which, etc., must be designated in the declaration by
name," etc. Mr. Gould in his work on Pleading, 170, says:
"In trespass *quare clausum fregit* also, the close must be de-
scribed as lying in a certain parish and county named; and it
is held advisable to set out also the abuttals or name of the
close." He cites to sustain this proposition Chitty on Plead-
ing, 2 Black. R. 1089, Ball N. P. 89.

We have already discussed the rule as stated by Mr. Chitty.
and on what it is based. Mr. Gould further says: "In the
United States in which closes or parcels of land are not in
general known by particular ancient names, a description by
abuttals or by lines and distances would seem generally indis-
pensable." He, however, cites no authority to sustain this
statement. In 9 Wentworth on Pleading, 148–9, where a form
of declaration is given in which the close is not described, it
is said in a note, "It would have been proper to have stated
the name of the close though it is not necessary to do it. If
the defendant plead *liberum tenementum* the plaintiff must
make new assignment." The same is substantially stated in
note "C" to page 868 of Vol. 2, Chitty on Pleading. While
it is the better form of pleading to state a description of the
close by name, abuttals or numbers in the declaration, yet, at
common law, a declaration that omits description of a close is
good. The evidence of ownership of a particular tract of
land and the commission of a trespass thereon in the manner
set out in the declaration was admissible under the declaration.

The questions of possession and the commission of a tres-
pass was for the jury, and there was evidence to authorize
and sustain the verdict. It is argued that there is no suffi-
cient evidence connecting the defendant with the acts of tres-
pass testified to being committed. The plaintiff offered in evi-
dence a deed conveying to him the tract on which the trespass
was committed. The defendant had employed one Leverett
to cut timber from a certain tract of land owned by him, and

which adjoined plaintiff's land. To Leverett he gave certain instructions as to cutting, Leverett cutting by contract and employing his own hands. There was evidence as to the defendant showing Leverett the land on which to cut, and directions as to the line, and if he contracted with Leverett to cut on his land and by his directions as to corners and lines, Leverett was so directed by him that he cut on plaintiff's land, the defendant would be liab'e. Objection was made to certain questions asked by plaintiff's counsel as to the form of questions. It sufficiently appears that certain witnesses were hostile and under such circumstances leading questions were proper. The instructions correctly stated the law. The motion in arrest of judgment was properly overruled.

We find no reversible error in the record. The judgment is affirmed.